UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **NATHAN RANDLE FOREMAN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-9944** |
| **ROBERT C. JENKINS, JR.** | **SECTION: "J"(1)** |

### REPORT AND RECOMMENDATION

In April of 2019, plaintiff, Nathan Randle Foreman, a state inmate, filed this fee-paid, *pro se* federal civil action against his former attorney, Robert C. Jenkins, Jr. Plaintiff claims that his mother contracted with the defendant to represent plaintiff in his state criminal proceedings in exchange for a fee of $25,000. Plaintiff also claims that Jenkins committed legal malpractice in the case, breached the employment contract, and violated plaintiff's civil and constitutional rights.

Plaintiff was responsible for having the summons and complaint served upon the defendant. Fed. R. Civ. P. 4(c)(1). Because no proof of service was ever filed into the record, the undersigned United States Magistrate Judge ordered that, on or before November 4, 2019, plaintiff file proof of service into the record or show good cause for his failure to effect service.[1] See Fed. R. Civ. P. 4(m). At plaintiff's request, that deadline was subsequently extended to December 6, 2019.[2]

---

[1] Rec. Doc. 8.
[2] Rec. Doc. 12.

On November 4, 2019, plaintiff notified the Court that he had been unable to effect service, despite having hired two different process servers. He explained that he could not "afford to keep putting out funds to hire another company to serve defendant if he's not available." Plaintiff therefore asked the Court to assist him in having the defendant served.[3]

Federal law authorizes the Court to "order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." Fed. R. Civ. P. 4(c)(3). However, the Court declines to issue such an order in this case because, ultimately, it would be an act of futility in that this Court lacks subject matter jurisdiction in this case.[4]

It is clear that a federal court must examine the basis for federal subject matter jurisdiction. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999) ("Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case. … [S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); E.E.O.C. v. Agro Distribution, LLC, 555 F.3d 462, 467 (5th Cir. 2009) (even without an objection to subject matter jurisdiction, a court must consider *sua sponte* whether jurisdiction is proper). Unless otherwise provided by statute, federal district courts have jurisdiction over: (1) federal questions arising under the Constitution, laws, or treaties of the United States; and (2) civil actions between citizens of different states or foreign nations where the amount in controversy exceeds $75,000, exclusive of interest and costs. See 28 U.S.C. §§ 1331

---

[3] Rec. Doc. 13.
[4] Despite the fact that the full filing fee was paid in this case, the complaint is nevertheless still "subject to an initial *sua sponte* review by the Court pursuant to the Court's inherent authority to ensure that a plaintiff has standing, that subject matter jurisdiction exists, and that a case is not frivolous." Mills v. Greenville County, 586 F. Supp. 2d 480, 487 (D.S.C. 2008).

& 1332(a)(1). A party seeking to invoke the jurisdiction of a federal court must prove that jurisdiction is proper. See Boudreau v. United States, 53 F.3d 81, 82 (5th Cir. 1995).

Based on review of the complaint, the Court's best guess is that plaintiff is attempting to proceed under 42 U.S.C. § 1983. However, that statute simply is not applicable in this case. "Section 1983 creates a private right of action for redressing violations of federal law *by those acting under color of state law*." Olabisiomotosho v. City of Houston, 185 F.3d 521, 525 (5th Cir. 1999) (emphasis added). In this case, the sole defendant herein is *not* a state actor – he is an attorney who was privately retained to represent plaintiff. "[P]rivate attorneys are not official state actors and thus are generally not subject to suit under 42 U.S.C. § 1983." Ingram v. Mooney, 680 F. App'x 341, 342 (5th Cir. 2017); accord Hudson v. Hughes, 98 F.3d 868, 873 (5th Cir. 1996) (ineffective assistance of counsel claim was not cognizable in § 1983 lawsuit because retained counsel was not a state actor); Mills v. Criminal District Court # 3, 837 F.2d 677, 679 (5th Cir. 1988) ("[S]ection 1983 claims require that the conduct complained of be done under color of law, and private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983.").[5] In light of that fact and because no other federal cause of action is mentioned in the complaint, federal question jurisdiction appears to be lacking.

---

[5] Moreover, the Court notes that even if petitioner's claims were otherwise cognizable under § 1983, there is seemingly also another problem: the claims appear to be prescribed for the following reasons.
   Regarding the statute of limitations, the United States Fifth Circuit Court of Appeals has held:

> The statute of limitations for Section 1983 claims is "the forum state's personal-injury limitations period," which in Louisiana is one year. Jacobsen v. Osborne, 133 F.3d 315, 319 (5th Cir. 1998). "In applying the forum state's statute of limitations, the federal court should also give effect to any applicable tolling provisions." Gartrell v. Gaylor, 981 F.2d 254, 257 (5th Cir. 1993). However, federal law governs when a Section 1983 claim accrues. Jacobsen, 133 F.3d at 319. This court has stated that "[u]nder federal law, a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." Gartrell, 981 F.2d at 257. As a result, the limitations period begins "when the plaintiff is in possession of the 'critical facts that he has been

Further, there likewise is no basis for federal diversity jurisdiction. "The diversity statute requires 'complete diversity' of citizenship," meaning that "[a] federal court cannot exercise diversity jurisdiction if one of the plaintiffs shares the same citizenship as any one of the defendants." Stiftung v. Plains Marketing, L.P., 603 F.3d 295, 297 (5th Cir. 2010) (internal quotation marks omitted). Plaintiff's proposed complaint does not satisfy the diversity requirement, in that both he and the sole defendant appear to be citizens of the same state, Louisiana. The Court therefore concludes that federal diversity jurisdiction is not proper. See Garcia v. Koch Oil Co. of Texas, Inc., 351 F.3d 636, 638 (5th Cir. 2003) ("The party seeking to invoke federal diversity jurisdiction bears the burden of establishing both that the parties are diverse and that the amount in controversy exceeds $75,000.").

For all of the foregoing reasons, the undersigned finds that there is no basis for federal jurisdiction in this proceeding.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

---

hurt and who has inflicted the injury.'" Id. (quoting Lavellee v. Listi, 611 F.2d 1129, 1130 (5th Cir. 1980)).

Smith v. Regional Transit Authority, 827 F.3d 412, 421 (5th Cir. 2016).
   Here, plaintiff is apparently complaining about the representation Jenkins provided in connection with plaintiff's state criminal conviction for second degree murder. However, direct review of that conviction concluded in **2009**, see State v. Foreman, 10 So. 3d 1238 (La. App. 4th Cir. 2009), and the related collateral review concluded in **2017**, when his post-conviction application was denied by the Louisiana Supreme Court as time-barred, see State *ex rel.* Foreman v. State, 222 So. 3d 1261 (La. 2017). Because this action was not filed until **2019**, the claims herein were not filed within one year of accrual and were therefore prescribed at the time of filing. Prescribed claims are properly dismissed as frivolous. See, e.g., Brown v. Pool, 79 F. App'x 15, 17 (5th Cir. 2003); Gonzales v. Wyatt, 157 F.3d 1016, 1019-20 (5th Cir. 1998); Smith v. Orleans Parish Prison, Civ. Action No. 08-3786, 2008 WL 2951279, at *2 (E.D. La. July 25, 2008).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this ___14th___ day of February, 2020.

*[signature: Janis Van Meerveld]*
**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**